UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81143-CIV-COHN/SELTZER

ISAAC HAYES,

    Plaintiff,

v.

ASSET ACCEPTANCE and
JOHN & JANE DOE,

    Defendants.
_____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING CASE

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgment [DE 15] ("Motion"). The Court has carefully reviewed the Motion and the entire file of this case, including Plaintiff's Verified Complaint [DE 1], the Return of Service upon Defendant Asset Acceptance [DE 11], the Clerk's entry of default against Defendant [DE 13], and the failure of Defendant to respond to Plaintiff's Motion by the deadline of April 18, 2014.

### I.  Background

On November 6, 2013, Plaintiff filed this *pro se* action claiming that Defendant "repeatedly harrass[ed] Plaintiff in attempts to collect [an] alleged but nonexistent debt." DE 1 at 1. Specifically, Plaintiff asserts that between April 9, 2013, and May 23, 2013, Defendant left ten "recorded message[s] using [an] automatic telephone dialing system or artificial or prerecorded voices on Plaintiff[']s residential phone." Id. at 2-3. Plaintiff maintains that this conduct violated certain provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692–1692p; and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. See DE 1 at 4-5. Plaintiff's Complaint requests actual or statutory damages, punitive damages, and attorney's fees and costs. See id.

After Defendant failed to timely respond to the Complaint, Plaintiff moved for entry of default. See DE 12; Fed. R. Civ. P. 55(a). The Clerk entered default against Defendant on February 11, 2014. See DE 13. Plaintiff now seeks a final default judgment against Defendant. See DE 15; Fed. R. Civ. P. 55(b)(2).

## II. Discussion

By its default, a defendant "admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Yet such a default "does not in itself warrant . . . entering a default judgment." Id. Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." Id. This is because a defendant is "not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; accord Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). So "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam) (emphasis omitted).

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, Plaintiff first claims that Defendant violated a provision of the TCPA that generally prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B); see DE 1 at 4. This provision, however, does not apply to calls "exempted by rule or order by the [Federal Communications] Commission" in accordance with the TCPA. 47 U.S.C. § 227(b)(1)(B). Relevant here, an FCC regulation exempts any prerecorded residential call that "[i]s made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii). Debt-collection calls, like those alleged by Plaintiff, fall within this exemption and thus do not violate the TCPA. See Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011) (per curiam); see also Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 273 (3d Cir. 2013); Conklin v. Wells Fargo Bank, N.A., No. 6:13-cv-1246-Orl-37KRS, 2013 WL 6409731, at *3 (M.D. Fla. Dec. 9, 2013). Plaintiff's TCPA claim therefore fails as a matter of law.

Plaintiff next avers that Defendant violated the FDCPA because it "knew or should have known that the phone calls made were inconvenient to the consumer." DE 1 at 5. "Such communications," Plaintiff asserts, "are prohibited by 15 U.S.C. § 1692c(a)(1)." Id. But this statute does not, as Plaintiff suggests, ban all calls "inconvenient to [a] consumer." Instead, it specifically bars a debt collector from communicating with a consumer

> at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]

3

15 U.S.C. § 1692c(a)(1).  Plaintiff does not allege that Defendant contacted him at an improper time or place; he maintains that the overall number of calls was "inconvenient" to him.  See DE 1 at 4 ("[Defendant] placed no less than 10 telephone calls to the Plaintiff's residential telephone.").  This allegation fails to state a claim under § 1692c(a)(1).

Plaintiff also contends that Defendant "violated [FCCPA] § 559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff."  DE 1 at 5.  Plaintiff alleges that Defendant called his residence and left recorded messages a total of ten times over approximately one-and-a-half months.  See id. at 2-3.  Defendant never called more than once a day during this period.  See id.  And nothing in the Complaint suggests that Defendant ever used abusive language or threatened Plaintiff in any way.  As a matter of law, these alleged facts do not show that Defendant called Plaintiff "with such frequency as [could] reasonably be expected to harass" Plaintiff or "engage[d] in other conduct which [could] reasonably be expected to abuse or harass" him.  Fla. Stat. § 559.72(7); see Desmond v. Accounts Receivable Mgmt., Inc., 72 So. 3d 179, 180-81 (Fla. 2d DCA 2011) (holding that debt collector did not violate section 559.72(7) by leaving eighteen non-harassing messages on plaintiff's answering machine over three months).

Last, Plaintiff claims that Defendant violated an FCCPA provision making it unlawful for debt collectors to "[r]efuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt."  Fla. Stat. § 559.72(15); see DE 1 at 5.  By Plaintiff's admission, though, he never requested identification from an agent of Defendant because he never spoke with one.

Indeed, Plaintiff repeatedly alleges that Defendant left recorded messages for him. See DE 1 at 2-3. Plaintiff therefore cannot state a claim under section 559.72(15). See Read v. MFP, Inc., 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012) (per curiam) (rejecting section 559.72(15) claim based on answering-machine messages because debt collector never "refused any request to provide identifying information").

In sum, Plaintiff's Complaint fails to plead any valid claim for relief and thus cannot support a default judgment in his favor. See Nishimatsu Constr. Co., 515 F.2d at 1206; Alcocer, 218 F. App'x at 863. The Court therefore must deny Plaintiff's Motion. Further, the Court declines to grant Plaintiff leave to amend his Complaint. Although courts "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), dismissal with prejudice is appropriate "if a more carefully drafted complaint could not state a claim." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted). For the reasons discussed above, the Court finds that Plaintiff's claims are legally groundless and that re-drafting cannot cure these basic defects. Thus, the Court will dismiss the Complaint with prejudice.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Final Default Judgment [DE 15] is **DENIED**;

2. The above-styled action is **DISMISSED WITH PREJUDICE**; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of May, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Isaac Hayes, *pro se*
480 w 35th St.
Riviera Beach, FL  33404